IN THE UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOWARD BROOMFIELD, | ) | |
| Petitioner, | ) | Crim.  No. 95-165(D)CBM |
| V. | ) | |
| UNITED STATES OF AMERICA, | ) | ~~Civil No.  00-00586-CBM~~ |
| Respondent. | ) | |
| | ) | |

Motion to Modify Term of Imprisonment

Pursuant to 18 U.S.C. § 3582(c)(2), And U.S.S.G

§ Retroactive Amendments 505, 516 and 484.

---

Comes Now, Howard Broomfield, petitioner, pro se,
pursuant to U.S. Constitution Amendment V and VI, 18 U.S.C. §
3582(c)(2) and 1B1.10 U.S.S.G.; respectfully moves this
Honorable Court to reduce the Sentence imposed in this case
because of Subsequent U.S.S.G. Retroactive Amendments 505,
516, and 484. In Support of this motion, petitioner will show
as follows:

This motion is filed by a 46 year old petitioner who
has been incarcerated for the past 13 1/2 years; and since
his incarceration has maintained steady employment and
completed several education and vocational programs.

On January 15, 1996 petitioner was found guilty on all counts of a 12 count indictment. Count 1, 21 USC 846: conspiracy to manufacture phencyclidine. Count 2, 21 USC 841 (a) (1), 18 USC 2 (a): possession with intent to distribute phencyclidine, Aiding and abetting. Count 3 and 4, 21 USC 841 (a) (1) (A): Manufacturing, Distribution, and possession with intent to distribute phencyclidine. Counts 5 through 8, 21 USC 841 (d) (2): Distribution of listed chemicals. Counts 9 and 10, 21 USC 841 (d) (1), 18 USC 2 (a): possession of a listed chemical with intent to manufacture controlled substance, Aiding and abetting. Count 11, 21 USC (a) (1): Manufacturing, Distribution and possession with intent to distribute PCC. Count 12, 21 USC 848 (b): Conducting a Continuing Criminal Enterprise.

On June 19th, 1996; petitioner was sentenced by this court based upon a offence level of 44; which yielded a sentence of life imprisonment. In November 1994 Amendment 505 to the U.S. Sentencing Guidelines eliminated drug quantity offense levels 40 and 42. Amendment 505 was made retroactive by Amendment 536, which was effective November 1, 1995.

Petitioner submits that he should have been sentenced based on offence level 38; because of the then effective Amendment 505, which was made retroactive by Amendment 536 on November 1, 1995 (7 months before petitioner was sentenced).

Pursuant to 18 USC § 3582 (a) and 1B1.10 USSG, in the case of a defendant who has been sentenced to a term of

2.

imprisonment based on a sentencing range that has subsequently been lowered retroactively by the Sentencing Commission,"...upon motion of the defendant... the court may reduce the term of imprisonment after considering the factors set forth in 3553 (a) to the extent they are applicable". See U.S. VS. JORDAN, 162 F.3d 1 (1st Cir. 1998), cert. denied, 119 S.CT. 1590 (1999); U.S. VS. DORROUGH, 84 F.3d 1309 (10th Cir. 1996), cert. denied, 519 US 987 (1996). Also see U.S. V. FORTY ESTREMERA, 498 F. Supp.2d 468 (D.Puerto Rico 2007) and U.S. V. HICKS, 472 F.3d 1167, 1171-72 (9th Cir. 2007).

Booker and it's progeny apply to the imposition of a new sentence under 18 U.S.C. § 3582(c)(2). Recently the Ninth Circuit considered this question in U.S. V. HICKS, 472 F.3d 1167, 1169 (9th Cir. 2007), and held, put most succinctly that "Booker applies to 3582(c)(2) proceedings". HICKS, 472 F.3d at 1169. As the court explained in more depth, Booker explicitly stated that, "as by now should be clear, [a] mandatory system is no longer an open choice". Although the Court acknowledged that Congress had intended to create a mandatory system. booker stressed that this was not an option: "[W]e repeat, given today's constitutional holding, [a mandatory Guideline regime] is not a choice that remains open... [W]e have concluded that today's holding is fundamentally inconsistent with the judge-based sentencing system that Congress enacted into law". The Court never qualified this statement, and never suggested explicitly that the mandatory Guideline regime survived in any context.

In fact, the court emphasized that the guidelines could not be construed as mandatory in one context and advisory in another. When the government suggested in Booker that the guidelines be considered advisory in certain constitutional cases; but mandatory in others, the Court quickly dismissed this notion stating "We do not see how it is possible to leave the guidelines as binding in other cases... [W]e believe that Congress would not have authorized a mandatory system in some cases and non mandatory system in others given the administrative complexities that a system would create". In short, Booker expressly rejected the idea that the guidelines might be advisory in certain context but not in others; and Congress has done nothing to undermine this conclusion. Because the "mandatory system is no longer an open choice"; district courts are necessarily endowed with the discretion to depart from the guidelines when issuing new sentences under § 3582(c)(2). Hicks, 472 F.3d 1170 (citations omitted).

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944 (O)... the court may reduce the term of imprisonment after considering the factors set forth in section § 3553 (a) to the extent they are applicable; if such a reduction is consistent with the applicable statements issued by the Sentencing Commission. 18 U.S.C.§ 3582(c)(2). Relevant factors discussed in 18 U.S.C. § 3553 (a) includes: (1) the nature and circumstances of the offense; (2) the

history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law; (4) whether the sentence provides just punishment for the offense; (5) whether the sentence is an adequate deterrence to criminal conduct; (6) whether the sentence will protect the public from further crimes of defendant; and (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553 (a).

The Sentencing Commission has issued a policy statement explaining how a District Court should exercise it's discretion when considering a § 3582(c)(2). It states:

In determining whether; and to what extent; a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced... USSG 1B1.10 (b). The Sentencing Commission list the amendments in subsection (c) from which a 3582 motion may arise. (Notice: This argument applies to all three Amendments).


IN LIGHT OF AMENDMENTS 516, "COMBINED" UNDER AMENDMENT 505 PETITIONER'S BASE OFFENSE LEVEL AND SENTENCING RANGE SHOULD DECREASE


The United States Sentencing Commission further amended

5.

the guidlines, effective November 1,1995, the United Stated Sentencing Commission adopted Amendment 516 to the Sentencing Guidelines, which reduced the weight attributable to each plant of marijuana for sentencing purposes. U.S.S.G. App. C, Amend. 516. Amendment 516 lowered the weight-per-plant ratio from one kilogram per plant to "100 grams per plant". U.S.S.G 2D1.1(c) (Note. E) & comment. (Nov 1995). The Sentencing Commission expressly provided that this amendment applies retroactively, U.S.S.G. 1B1.10, see United States V. Boe 117 F.3d 830 (5th, Cir. 1997).

At the time petitioner was sentenced the guidelines base offense was determined by the amount and type of drugs in which petitioner's base offense level was "triggered" to (44). The Drug Equivalency Table in 2D1.1 indicates that one gram of PCP is equal to one Kilogram of marijuana; one gram of PCP pure/actual is equal to 10 kilograms of marijuana. In all the judge (not the jury) came up with a figure of 375,345.000 kilograms of marijuana which triggered a very high base offense level for petitioner.

Petitioner contends that the recalculation of his base offense level in accordance with 516 and 505 amendments "combined" clearly entitles him to further consideration of reduction of petitioner's base offense level and/or sentencing range. Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it's based upon a sentencing range that (has) subsequently been lowered by an amendment to the Sentencing Guidelines, See U.S. V. HICKS,

472 F.3d 1167, 1171-72 (9th Cir. 2007).

IN LIGHT OF AMENDMENT 484, "COMBINED" UNDER AMENDMENT 505
PETITIONER'S BASE OFFENSE LEVEL AND SENTENCING RANGE SHOULD
DECREASE

On June 19th, 1996; petitioner was sentenced by this
court based on offense level 44; which yielded a sentence of
life imprisonment. At the time of sentencing and even during
trial; the sentencing judge never took into account what
waste materials to exclude in order to come up with the pure
amount element of PCP "to trigger the CCE count". In fact,
that should have been determined even before petitioner was
charged with 21 USC 848 (b)... So certainly when applying
amendment 484; petitioner's base offense level should
decrease dramatically.

In this case; the Sentencing Commission's Policy statement
authorizes the court to reduce petitioner's sentence under
Amendments 505, 516 and 484.

Therefore, after considering the factors as set forth
in 18 U.S.C. § 3553 (a) this court should find that the
petitioner's sentence is no longer just and proper
"especially due to the fact that petitioner's due process
rights were violated". Therefore, this court should grant
petitioner's motion for modification of sentence based on the
above mentioned Amendments to the U.S. Sentencing Guidelines.

Furthermore, petitioner asks this Honorable Court to construe this petition according to Haines V. Kerner, 404 U.S. 519, 520, 92 S.CT 594, 30 L.Ed. 2d 652 (1972) (This court has stated that pro-se complaints "however inartfully pleaded" are to be held "to less stringent standards than formal pleading drafted by lawyers"); and also Hormel V. Helveing 312 U.S. 522, 61 S.CT. 718. 721 85 L.Ed. 1037 (1941) (holding that the [r]ules of practice and procedure are devised to promote the ends of justice, not to defeat them).

## CONCLUSION

Wherefore, petitioner prays that this Honorable Court adjust petitioner's Sentencing guideline range downward to level 38; and order a new sentencing hearing and corrected Presentence Report to reduce petitioner's sentence as well as any other relief that this court deems just and proper.

RESPECTFULLY SUBMITTED

HOWARD BROOMFIELD, Pro-se

REGISTER. NO. 03205-112

P.O. BOX 019001

ATWATER, CALIFORNIA. 95301

Dated: November 17th, 2008.

CERTIFICATE OF SERVICE

I Howard Broomfield, hereby certify that I have served a true and correct copy of this motion to modify term of imprisonment; to all interested parties in these proceeding, By handing it over to prison officials here at the United States Penitentiary in Atwater; to be mailed on this ___17th___ day of November 2008.

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston v. Lack, 101 L.Ed 2d 245 (1998).

INTERESTED PARTIES

CLERK OF THE COURT

FOR THE CENTRAL DISTRICT

OF CALIFORNIA

312 NORTH SPRING STREET

LOS ANGELES, CALIFORNIA. 90012

A.U.S.A

MICHAEL ZWEIBACK

1400 UNITED STATES COURTHOUSE

312 NORTH SPRING STREET

LOS ANGELES, CALIF. 90012

RESPECTFULLY SUBMITTED

_Howard Broomfield_

HOWARD BROOMFIELD, PRO-SE

REGISTER. No.03205-112

P.O. BOX 019001

ATWATER, CALIF. 95301

9