```
THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
WESLEY L. HSU
Assistant United States Attorney
California Bar Number:  188015
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3045
     Facsimile: (213) 894-8601
     e-mail:    wesley.hsu@usdoj.gov

Attorney for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 95-165(D)-CBM |
|---|---|
| Plaintiff, | ) <u>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)</u> |
| v. | |
| HOWARD BROOMFIELD, | |
| Defendant. | |

Plaintiff United States of America, through its counsel of record, Assistant United States Attorney Wesley L. Hsu, hereby files an opposition to defendant Howard Broomfield's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c).  In his motion, defendant, who was convicted for the manufacture, distribution, and sale of phencyclidine ("PCP") and another controlled substance, relies on three retroactive amendments to the United States Sentencing Guidelines, one of which lowered the maximum base offense level applicable under USSG § 2D1.1 to PCP.

Defendant is not entitled to relief, however, for two reasons. First, all of the amendments relied upon by defendant went into effect long before his sentencing, so he cannot show that they were not in fact employed at his sentencing. Second, defendant's life sentence was mandatory for his conviction for being a leader in a continuing criminal enterprise.

## I.
## PROCEDURAL BACKGROUND[1]

Defendant relies upon Sentencing Guideline Amendments 505, 516, and 484. Amendment 505, which eliminated additional upward adjustments for amounts of PCP over 30 KG or 3 KG (actual), went into effect on November 1, 1994.[2] Amendment 516, which only involved changes related to marihuana plants, became effective November 1, 1995. Amendment 484, which clarified the definition of "mixture or substance," became effective November 1, 1993.

Defendant was convicted by a jury on February 15, 1996, for conspiracy to manufacture PCP in violation of 21 U.S.C. § 846; manufacturing, distributing and possession with the intent to distribute PCP in violation of 21 U.S.C. § 841(A)(1); possession

---

[1] The government makes this opposition based upon the court records in all of defendant's cases and appeals.

[2] Even if the Court at sentencing had employed the unamended Guideline, this amendment likely would not have resulted in a reduced Guidelines range for defendant. The amendment lowered the maximum base offense level for PCP from 42 to 38, but given that defendant had an aggravating role (the jury convicted him of being a leader an a group of more than five defendants in the continuing criminal enterprise count), his total offense level would still, at minimum, have been 42 or higher. Even in Criminal History Category I, defendant faced a "new" range of 360-life. For the Guidelines based offenses, the Court imposed 360 months, which tends to demonstrate that the range employed at sentencing was in fact 360-life.

of a listed chemical with the intent to manufacture a controlled substance in violation of 21 U.S.C. § 841(D)(1); and a continuing criminal enterprise in violation of 21 U.S.C. § 848.

On June 17, 1996, defendant was sentenced to 360 months on some counts, 30 years on one count, ten years on other counts, and life on count 12 (continuing criminal enterprise). Defendant appealed. <u>United States v. Broomfield</u>, No. 96-50349, 1998 WL 551971, at *1 (9th Cir. Aug. 27, 1998) (hereinafter "<u>Broomfield I</u>"). Defendant's conviction was affirmed on August 27, 1998 (although the mandate did not issue until February 3, 1999).

Defendant filed a post-conviction collateral attack on January 13, 2000, arguing ineffective assistance of counsel for failing to object to an erroneous jury instruction related to the continuing criminal enterprise conviction. This Court granted the motion, but the Ninth Circuit reversed on March 6, 2006. <u>United States v. Broomfield</u>, 172 Fed. Appx. 743, No. 05-55066, 2006 WL 529649 at *1 (9th Cir. 2006) ("<u>Broomfield II</u>"). Defendant now files his instant motion to modify his sentence.

II

DEFENDANT IS NOT ENTITLED TO A MODIFICATION OF HIS LIFE SENTENCE

Defendant's instant motion seeks a sentencing modification relying solely upon Section 3582(c)(2) and three Sentencing Guidelines amendments, one of which lowered the highest offense level for PCP violations. Defendant, however, was sentenced long after those amendments took effect and, in any event, defendant's life sentence is mandated by statute.

Section 3582(c)(2) provides authority for the reduction of a defendant's sentence based on a change in the Guidelines, if the

3

Sentencing Commission authorizes such a reduction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has <u>subsequently</u> been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis added). Defendant's sentencing range was not "subsequently" lowered. Defendant was sentenced on June 17, 1996, a year and a half after Amendment 505 reduced the Guidelines range with respect to PCP offenses. Defendant's sentencing took place more than two years after Amendment 484, which clarified the definition of "mixture or substance," went into effect. Finally, defendant sentencing took place more than seven months after Amendment 516, which applies only to marihuana crimes rather than PCP crimes, became effective. Thus, on its plain terms, Section 3582(c)(2) does not provide defendant with any avenue for relief.

Moreover, even if his sentencing range had been "subsequently" lowered by a Guidelines amendment, it would have no effect on defendant's sentence because defendant's life sentence was mandatory pursuant to 21 U.S.C. § 848(b). Section 848(b) mandates that a life sentence be imposed for a person, like defendant, convicted of engaging in a continuing criminal

4

enterprise where the person was a organizer or leader and (1) where the quantity involved at least 300 times the amount listed in 21 U.S.C. § 841(b)(1)(B), which lists 10 grams or more of PCP or 100 grams or more of a mixture or substance containing a detectable amount of PCP, or (2) where the enterprise received $10 million in gross receipts.  As set forth in defendant's supplemental opening brief on his direct appeal, defendant was sentenced based upon a total of 38.5 gallons of PCP, which translates to a weight of approximately 16 kilograms ("kg") of PCP, more than five times the 3 kg weight necessary to trigger the mandatory life sentence.  That is why the Ninth Circuit recognized in affirming his direct appeal that his conviction on count 12 carried a mandatory life sentence.  <u>Broomfield I</u>, 1998 WL 551971 at *3.

### III

### CONCLUSION

For the reasons stated above, the government respectfully requests that Defendant's motion for a modified sentence be denied.

Dated: February 27, 2009         Respectfully Submitted,

                                 THOMAS P. O'BRIEN
                                 United States Attorney

                                 CHRISTINE C. EWELL
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                          /s/
                                 _____
                                 WESLEY L. HSU
                                 Assistant United States Attorney

                                 Attorneys For Plaintiff
                                 United States of America

CERTIFICATE OF SERVICE

I, **SUSAN M. CRUZ**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:
**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

service was:
**HOWARD BROOMFIELD**
**REGISTER NO. 03205-112**
**P.O. BOX 019001**
**ATWATER, CALIFORNIA 95301**

[] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[√] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[] By hand delivery addressed as follows:

[] By facsimile as follows:

[] By messenger as follows:

[] By federal express as follows:

This Certificate is executed on **February 27, 2009**, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

SUSAN M. CRUZ