TERM # 680

FILED
CLERK, U.S. DISTRICT COURT

SEP 14 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD BROOMFIELD,<br><br>Defendant. | No. CR 95-165 (D) - CBM<br><br>**ORDER DENYING DEFENDANT HOWARD BROOMFIELD'S MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

The matter before the Court is Defendant Howard Broomfield's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (the "Motion"). For the reasons explained below, the Court DENIES the Motion.

## RELEVANT BACKGROUND

On February 15, 1996, a jury found Broomfield guilty of the following twelve counts:

**Count 1**: conspiracy to manufacture phencyclidine ("PCP") (21 U.S.C. § 846);

**Count 2**: possession with intent to distribute PCP, aiding and abetting (21 U.S.C. § 841(a)(1), 18 U.S.C. § 2(a));

**Counts 3-4**: manufacturing, distribution, and possession with intent to distribute

1

PCP (21 U.S.C. § 841(a)(1)(A));

**Counts 5-8**: distribution of listed chemicals (21 U.S.C. § 841(d)(2));

**Counts 9-10**: possession of a listed chemical with intent to manufacture controlled substance, aiding and abetting (21 U.S.C. § 841(d)(1), 18 U.S.C. § 2(a));

**Count 11**: manufacturing, distribution, and possession with intent to distribute PCP, (21 U.S.C. § 841(a)(1)); and

**Count 12**: conducting a continuing criminal enterprise (21 U.S.C. § 848(b)).

(Mot. at 2); [Doc. Nos. 319, 324.]

On June 17, 1996, Broomfield was sentenced as follows: 360 months on each of Counts 1-4; ten years on Counts 5-10; 30 years on Count 11; and life on Count 12. [Doc. No. 390.] Broomfield appealed, and his conviction was affirmed by the Ninth Circuit on August 27, 1998, though the mandate did not issue until February 3, 1999. (Opp. at 3.)

On January 13, 2000, Broomfield filed a motion for post-conviction relief based on ineffective assistance of counsel due to counsel's failure to object to erroneous jury instructions relating to the continuing criminal enterprise count (Count 12). [Doc. No. 508.] The motion was granted by this Court, but reversed by the Ninth Circuit on March 6, 2006. [Doc. No. 660.]

Broomfield now requests the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c), which the Government opposes.

## LEGAL STANDARD

18 U.S.C. § 3582(c)(2) provides that a court may not modify a sentence, once imposed, except in the case where a defendant has been sentenced "based on a sentencing range that has been subsequently lowered" pursuant to 28 U.S.C. § 994(o).[1] Where an amendment to the United States Sentencing Guidelines (the "Guidelines") has no affect on the defendant's sentencing range, however, there is

---

[1] 28 U.S.C. § 994(o) authorizes the Sentencing Commission to "periodically...review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions [of 28 U.S.C. § 994]."

no reason for the district court to reduce the defendant's sentence. *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir.1996).

## DISCUSSION

Broomfield argues that his sentence should be reduced because: (1) his sentence was based, at least in part, on U.S.S.G. § 2D1.1 that was subsequently amended by Amendments 484, 505, and 516 (the "Amendments"); and (2) *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007) respectively hold that the Guidelines are advisory and *Booker* is applicable to § 3582 proceedings. (Mot. at 4.)

In opposition, the Government argues that Broomfield is not eligible for a sentence reduction because he was sentenced after the Amendments were made effective. (Opp. at 2.) In addition, the Government contends that Broomfield's sentence cannot be reduced because Broomfield was sentenced based on a statutorily mandated life sentence under 21 U.S.C. § 848 for his role as the leader in continuing a criminal enterprise. (*Id.*)

**I. The Amendments Were In Effect Before Broomfield Was Sentenced**

Although Broomfield contends that his sentence should be modified due to recent amendments made to the Guidelines, the Amendments he relies on were in effect before he was sentenced:

- **Amendment 484** (Effective **November 1, 1993**)
  - Amended the "Commentary" of § 2D1.1 by clarifying the "Application Notes" regarding "mixtures or substances."
- **Amendment 505** (Effective **November 1, 1994**)
  - Amended § 2D1.1(c) by eliminating the two highest base offense levels (42 and 40) and by redefining the highest base offense level as level 38.
- **Amendment 516** (Effective **November 1, 1995**)
  - Amended the "Fifth Note" following the "Drug Quantity Table" in § 2D1.1 by redefining marijuana equivalency levels.

*See* 18 U.S.C. § 2D1.1, App. C.

In this case, Broomfield was sentenced on June 17, 1996, which was seven months *after* the effective date of Amendment 516 – the "latest" of the Amendments. All three Amendments were incorporated into the November 1, 1995 version of the Guidelines, which was the version of the Guidelines relied on and applied by Probation and the Court.[2] (PSR at 18.) Broomfield does not argue or assert that either Probation or the Court failed to apply the correct version of the Guidelines. He only argues that the Amendments were retroactive and that, as a result, he is entitled to a reduced sentence.

Because the Amendments were made prior to, and not subsequent to, Broomfield's sentencing, Broomfield already had the benefit of the Amendments at the time he was sentenced. Thus, his Motion must be denied.

## II. Broomfield's Life Sentence for the Continuing Criminal Enterprise Count Was Mandatory Pursuant to 21 U.S.C. § 848(b).

Broomfield's Motion fails for the additional reason that his life sentence for his conviction for being a leader in a continuing criminal enterprise (Count 12) was statutorily mandated.[3] Therefore, even if the applicable sentencing range had been lowered by the Amendments (which is not the case here), it would have no

---

[2] For example, if Probation had not relied on the amended version of § 2D1.1 (per Amendment 505), Probation would have begun with a base offense level of 42 (as opposed to 38), added four (+4) pursuant to § 2D1.5 for continuing a criminal enterprise, and applied a two-level enhancement pursuant to § 2D1.1(b)(1) for possession of a dangerous weapon. Thus, under the pre-amended version of § 2D1.1, the total base offense level for Broomfield would have been 48, instead of 44 (38 + 4 + 2).

[3] 21 U.S.C. § 848 states that,
> any person who engages in a continuing criminal enterprise shall be imprisoned for life if:
>> (1) such person is the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders; and
>
>> (2) (A) the violation involved at least 300 times the quantity of substance described in 21 U.S.C. § 841(b)(1)(B).

"[I]n the instant offense, Broomfield was the principal administrator, organizer and leader of the instant offense... and the conspiracy involved 375,345 kg of marijuana (conversion amount) which is more than 300 times the 100 kg marijuana (standard) described in 21 U.S.C. § 841(b)(1)(B)." (PSR at 30.) Thus, Broomfield met the requirements, subject to the statutory requirements provided in 21 U.S.C. § 848, to receive a mandatory life sentence and was sentenced accordingly.

effect on Broomfield's life sentence, which was imposed pursuant to 21 U.S.C. § 848.

Broomfield does not identify any amendments that have lowered the sentencing range pursuant to § 2D1.5, the Guideline applicable to 21 U.S.C. § 848(b). The amendments Broomfield identifies, as discussed above, amend § 2D1.1. Therefore, they are not applicable to his life sentence for his conviction as a leader in a continuing criminal enterprise. Moreover, there have been no amendments to § 2D1.5 after Broomfield's sentencing in 1996.[4] Based on the foregoing, the Court finds that there is no basis to reduce Broomfield's sentence pursuant to § 3582(c)(2).

### III. *Booker* and *Hicks* Are Inapplicable

Lastly, Broomfield cannot avail himself of *Booker* and *Hicks*, which respectively held that the Guidelines are advisory and that *Booker* is applicable to § 3582(c)(2) proceedings. However, "*Booker* itself does not provide the 'requisite authority to reopen sentencing proceedings under § 3582(c)(2)'. . . and without authority to reopen sentencing proceedings under § 3582(c)(2), this Court cannot reconsider defendant's sentence in light of the advisory nature of the Guidelines...." *United States v. Berger*, No. CR 92-01074, 2009 U.S. Dist. LEXIS 59584 at *12 (C.D. Cal. June 24, 2009) (citations omitted). *Booker* only applies to § 3582 proceedings when the court already has authority over resentencing based on a sentencing range that has been lowered. 18 U.S.C. § 3582(c)(2). Thus, *Booker* and *Hicks* are inapplicable here because the Court does not have authority to modify Broomfield's sentence pursuant to § 3582(c)(2).

/

/

---

[4] 18 U.S.C. § 2D1.5 was made effective on November 1, 1987. It was amended by Amendment 66 (effective October 15, 1988), Amendment 139 (effective November 1, 1989), and Amendment 447 (effective October 15, 1992). No amendments have been made after Broomfield's sentencing date. *See* Historical Notes, 18 U.S.C. § 2D1.5, App. C.

## CONCLUSION

For the foregoing reasons, Broomfield's Motion is DENIED.

IT IS SO ORDERED.

DATED: September 10, 2009         By _____
                                   CONSUELO B. MARSHALL
                                   UNITED STATES DISTRICT JUDGE