Howard Broomfield
Reg. No. 03205-112
FCC Medium 1
P.O. Box 3725
Adelanto, CA 92301



IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

HOWARD BROOMFIELD,            )
                              )   Case No.: 95-165-CBM;
        Petitioner,           )   CV 00-0586-HLH
                              )       14-2558 CBM
        v.                    )
                              )   The Honorable Consuelo B. Marshall,
UNITED STATES OF AMERICA,     )   Chief United States District Judge
                              )
        Respondent.           )

To: Monica M. Ramirez
    Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, CA 90012

PLEASE TAKE NOTICE that on this 8th day of July, 2014, the undersigned shall cause to be filed with the Office of the Clerk, United States District Court, Central District of California, 312 North Spring Street, Los Angeles, CA 90012

<u>MOTION FOR RELIEF FROM JUDGMENT</u>

service of which is being made upon you.

_____
Howard Broomfield



Howard Broomfield
Reg. No. 03205-112
FCC Medium 1
P.O. Box 3725
Adelanto, CA 92301

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

HOWARD BROOMFIELD,            )
                              )   Case No.: 95-165-CBM;
         Petitioner,          )   CV 00-0586-HLH
                              )   14-2558 CBM
    v.                        )
                              )   The Honorable Consuelo B. Marshall,
UNITED STATES OF AMERICA      )   Chief United States District Judge
                              )
         Respondent.          )

## NOTICE OF MOTION

NOW COMES, the petitioner, Howard Broomfield, proceeding pro se, and respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure, Rule 60(b) to be relieved from the court's November 4, 2004 judgment.

Specifically, petitioner request this court to reopen his §2255 proceedings because the court improperly failed to rule on the merits of his ineffective assistance of counsel claims in GROUND FIVE - ISSUES 3 and 4 regarding Richardson v. United States, 526 U.S. 813 (1999), and therefore, the court acted in a manner inconsistent with due process of law, or at least, there exist "extraordinary circumstances" justifying relief from the operation of the judgment. See Fed. R. Civ. P., Rules 60(b)(4) and (6).

Therefore, upon the annexed memorandum of law, files and records had heretofore, the Honorable Court should vacate the judgment of the §2255 proceeding and review the ineffective

assistance of counsel claims while applying the Supreme Court's decision in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Dated: July 8th 2014

Respectfully submitted

By: *Howard Broomfield*
Howard Broomfield
Reg. No. 03205-112
FCC Medium 1
P.O. Box 3725
Adelanto, CA 92301

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT

This memorandum of law is submitted by petitioner in support of his motion for relief from judgment, pursuant to Fed. R. Civ. P., Rules 60(b)(4) and (6). Thus only one issue will be presented herein, to wit:

> I. Whether trial court should reopen its November 2004 judgment, for improperly failing to rule on the merits of two of petitioner's habeas claims, because it was rendered in a manner inconsistent with due process of law and/or extraordinary circumstances exist justifying relief from the operation of the judgment?

Petitioner answer in the affirmative and in support thereof, the following is set forth.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In February 1996, a jury convicted petitioner Howard Broomfield of twelve counts of narcotics related charges under 21 U.S.C. 846, 21 U.S.C. 841, and 21 U.S.C. 848. On June 17, 1996, the court sentenced petitioner to life in person. Petitioner appealed his federal sentence to the Ninth Circuit on June 20, 1996. On August 27, 1998, the Ninth Circuit affirmed petitioner's conviction and sentence in an unpublished decision, <u>United States v. James Broomfield</u>, 1998 WL 551971 (9th Cir. 1998).

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 on January 18, 2000. The government filed a motion to dismiss on March 1, 2000, arguing that the §2255 petitioner was untimely. The court denied the government's motion to dismiss the §2255, finding that the §2255 motion was timely filed.

3

In his §2255 motion petitioner raised eight grounds. The court granted petitioner relief on one ineffective assistance of counsel claim for counsel's failure to object to jury instruction regarding the "supervisor" element of the CCE charge, and the court denied several other grounds, but the court failed to addrees the merits of GROUND FIVE which contained two distinct issues.

In his Rule 60(b) motion, petitioner contends that the district court denied him due process by improperly failing to rule on the merits of two of his habeas claims. The first "counsel was woefully deficient in failing to request the court to provide the proper interrogatories which would have polled the jury as to which three predicate acts the jury was supposed to unanimously and specifically agree on, which violations made up the 'continuing series' element of the CCE." The second "counsel was constitutionally deficient in failing to propose that the court instruct the jury that 'the particular agreed-upon violations making up the 'continuing series' must provide the basis for satisfying section 848 remaining elements." See GROUND FIVE, pages 58-63, docket entry 509 . These claims were based on <u>Richardson v. United States</u>, 526 U.S. 813 (1999) unanimity requirement.

## THE APPLICABLE LAW

On Motion and upon such terms are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: ...(4) the judgment is void; ...(6) for any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P., Rule 60(b).

In a proceeding for the vacation of a judgment the function of the court is to determine whether grounds for vacation exist

4

and whether there is a valid defense or a valid cause of action. The court should not go into the merits of the original controversy or the defense. See Am. Jur.2d Judgment.

A motion under Rule 60(b) and a petition for habeas corpus have different objectives. The habeas motion under §2255 seeks to vacate, set aside or correct a federal sentence or conviction. A motion under Rule 60(b), while it is undoubtly a step on the road to the ultimate objective of invalidating the judgment of conviction, it does not seek that relief. It seeks only to vacate the federal court judgment denying the habeas petition. Rodriguez v. Mitchell, 252 F.3d 191 (2nd Cir. 2001). The motion under Rule 60(b) that seeks to vacate the judgment of the habeas petition, should [not] be deemed a second or successive petition with the meaning of 28 U.S.C. §2244(b), provided that the motion relates to the integrity of the federal habeas proceeding, not the integrity of the criminal trial. Id. at 199; see also Spitznas v. Boone, 464 F.3d 1213 (10th Cir. 2006)(the court's failure to make any ruling on a claim that was properly presented in the habeas petition asserts a defect in the integrity of the federal habeas proceeding) citing Gonzalez v. Crosby, 125 S.Ct. at 2648 (2005).

Federal Rule of Civil Procedure 60(b)(4) provides that a party may obtain relief from a judgment if the judgment is void. A judgment is not void merely because it is erroneous. A judgment is void only if the court that rendered it... acted in a manner inconsistent with due process of law. Eberhardt v. Integrated Design & Const. Inc., 167 F.3d 861, 867 (4th Cir. 1999). Rule 60(b)(4) is not subject to any time limitation and the court has

5

no discretion in determining whether to grant or deny a Rule 60(b) motion. If the judgment is void, the court must grant relief. **Molinary v. Powell Mountain Coal Co. Inc.**, 76 F.Supp.2d 695, 699 (W.D. Va. 1999).

Rule 60(b)(6) permits a district court to modify a previous decision based on "any ... reason justifying relief from the operation of the judgment." Fed. R. Civ. P., Rule 60(b)(6). This rule "confer a broad discretion on the trial court to grant relief when appropriate to accomplish justice, ... [and] it constitute a grand reservoir of equitable power to do justice in a particular case.. it is properly invoked where there are extraordinary circumstances or when the judgment would work an extreme and undue hardship..." and should be liberally construed when substantial justice will then be served. **Marrero Pichardo v. Ashcroft**, 374 F.3d 46, 55-56 (2nd Cir. 2004)(citation omitted). Rule 60(b)(6) has no specific limitation within which it must be filed save that it be brought within a "reasonable time."[1] Fed. R. Civ. P., Rule 60(b)(6). The reasonable time standard has been interpreted to depend on the factual circumstances of each case. See **Smith v. Sec'y of Health and Human Svcs.**, 776 F.2d 1330, 1333 (6th Cir. 1985).

---

1. In an unrelated motion pending before the court, the government argued that petitioner failed to bring his Richardson's claims when they were available in his §2255 motion. This prompt petitioner to review his previous filed §2255 motion where he discovered that two Richardson's claim were filed but the court never addressed the issues on the merits.

## DISCUSSION

A. This court should reopen its November 4, 2004 judgment of petitioner's §2255 motion because it was rendered in a manner inconsistent with due process of law and/or extraordinary circumstances exist justifying relief from the operation of the judgment.

Petitioner asserts that the trial court's failure to rule on the merits of two of his ineffective assistance of counsel claims, regarding <u>Richardson v. United States</u>, 526 U.S. 813 (1999), that were properly presented in his habeas petition denied him due process. Petitioner contends the court's failure to consider his claims, (1) counsel was woefully deficient in failing to request the court to provide the proper interrogatories which would have polled the jury as to which three predicate acts the jury was supposed to unanimously and specifically agree on, which violations made up the 'continuing series' element of the CCE, and (2) counsel was constitutionally deficient in failing to propose that the court instruct the jury that 'the particular agree-upon violations making up the 'continuing series' must provide the basis for satisfying section 848 remaining elements," represent a "true" Rule 60(b) claim because it asserts a defect in the proceeding. Petitioner contends the defect lies not in the resolution of the merits of the claims, (since it never reached those merits), but in the district court's failure to make a ruling on claims that were properly presented in his habeas petition. <u>See</u> Exhibits 1-2.

In light of this conclusion, petitioner's ability to satisfy the prerequisites of Rule 60(b)(4) and (6) hinges on whether the court's failure to rule on petitioner's properly filed claims in his §2255 motion, results in the November 4, 2004 judgment being

7

rendered in a manner inconsistent with due process of law, or creates "extraordinary circumstances," or undue harm to petitioner.

It is respectfully submitted that the doctrine of fundamental fairness were infringed upon when petitioner's due process right to a meaningful opportunity to be heard were undoubtly violated in his §2255 proceeding. The court's failure to make any ruling on petitioner's GROUND FIVE ineffective assistance of counsel claims denied him a meaningful opportunity to be heard. In the court's order there is no indication that the court even considered the claims, let alone ruled on the merits of the claims. Thus the court's failure to make any ruling on petitioner's claims denied him procedural due process of law. See **Spitznas**, 464 F.3d at 1225.

Clearly, this case is one in which Rule 60(b)(4) is applicable. The judgment is void because the court acted in a manner inconsistent with due process of law, when it failed to give petitioner an opportunity to be heard. The court's failure to make any ruling on petitioner's ineffective assistance of counsel claims result in a void judgment that warrant Rule 60(b)(4) relief.

If the court hold otherwise, i.e., that subpart (4) does not provide basis for relief, then petitioner may still benefit from Rule 60(b)(6), which is available if one of the other subparts are not deemed applicable. Subpart (6) confer broad discretion on the trial court to grant relief when appropriate to accomplish justice. This subpart constitutes a grand reservoir of equitable power to do justice in a particular case... and should be liberally construed when substantial justice will thus be served. See **Marrero Pichardo**, 374 F.3d at 55-56.

Generally, "[i]t is well established ... that a 'proper case

8

for Rule 60(b)(6) relief is only one of 'extraordinary circumstances,' or extreme hardship.'" Harris v. United States, 367 F.3d 74, 81 (2nd Cir. 2004)(citation omitted). In the instant case, "extraordinary circumstances" and "undue hardship" are clearly presented. Petitioner is serving a sentence of life imprisonment, second in severity only to death sentence, due to an unconstitutional 21 U.S.C. 848 conviction. A sentence of life imprisonment without chance of release is not so materially different from a death sentence that the circumstance of this case are any less extraordinary. Rule 60(b)(6) is to be "liberally construed" to serve "substantial justice" requires at the very least judicial review of whether petitioner's trial counsel rendered ineffective assistance when failing to request the court to provide the proper interrogatories which would have polled the jury as to which three predicate acts the jury was supposed to unanimously and specifically agree on, which violations made up that "continuing series" element of the CCE, or failing to propose that the court instruct the jury that "the particular agreed upon violations making up the "continuing series" must provide the basis for satisfying section 848 remaining elements. The court has yet to evaluate these claims on the merits making Rule 60(b)(6) review particular appropriate.

Moreover, denial of petitioner's Rule 60(b)(6) motion would certainly work an undue hardship on him because he has not had an opportunity to have his ineffective assistance of counsel claims considered by this court. The court did not consider, and therefore mistakenly overlooked the claims in the §2255 motion. This creates an undue hardship because in light of the AEDPA petitioner cannot file a subsequent §2255 motion raising the overlooked claims.

9

Thus petitioner contends his lack of legal training is the reason for any laspe of time for filing the instant motion, this he contends, allows this court to infect equity and revive an otherwise lifeless claim.

Based on the particular facts of this case and the extraordinary circumstances and extreme harm involved this court should find that the instant Rule 60(b)(6) motion was filed in a reasonable time and rule whether "extraordinary circumstances" exist to reopen the §2255 proceeding.

> II. If Rule 60(b) is granted petitioner is entitled to relief on the merits of his ineffective assistance of counsel claims in ground five of his §2255 motion.

**GROUND FIVE:**

### ISSUE NUMBER THREE

> B. Counsel was woefully deficient in failing to request the court to provide the proper interrogative which would have polled the jury as to which three predicate acts the jury was supposed to <u>unanimously</u> and <u>specifically</u> agree on; which violations <u>make up that</u> "continuing series" element of count 12 the CCE.

21 U.S.C. §848 provides in part:

A person is engaged in a continuing criminal enterprise if -

> (1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
>
> (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter -
>
>> (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory

10

> position, or any other position of management, and
>
> (B) from which such person obtains substantial income or resources.

21 U.S.C. §848(a).

The question before this court arises out of a claim of ineffective assistance of counsel, pursuant to a motion under 28 U.S.C. §2255.

In **Strickland v. Washington**, 466 U.S. 688 (1984), the Supreme Court set forth a two prong test for determining whether counsel's representation of a criminal defendant at trial is so deficient as to require reversal of the defendant's conviction.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. The require showing that counsel's errors were so serious as to deprive the defendant of a fair trial a trial whose result is reliable. Unless a defendant make both showing it cannot be said the conviction... resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687.

Under **Strickland** test a reviewing court's "scrutiny of counsel's performance must be highly deferential" and must strongly presume that counsel's advocacy fell "within the wide range of reasonable professional assistance." Id. at 689. In evaluating counsel performance the court should also "keep in mind that counsel's function, as elaborated in prevailing professional norms is to make the adversarial testing process work in the particular case." Id. at 690. A reviewing court must not indulge in hindsight,

11

but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. Id. at 689-90; <u>Kimmelman v. Morrison</u>, 477 U.S. 365 (1986).

In the instant case petitioner satisfies both prongs of the <u>Strickland</u> test. Counsel failed to protect petitioner's due process rights by not requesting the proper interrogatory that would have ensured that the jury would have the proper differentiation as to which three predicate acts they were supposed to <u>unanimously</u> and <u>specifically</u> agree on concerning which violations made up the "continuing series" element of the CCE crime.

Due to counsel's ineffectiveness in not requesting that the jury be tendered a special interrogatory; requesting a specific listing of which three or more predicate acts the jury was supposed to <u>unanimously</u> and <u>specifically</u> agree on; that made up the continuing series element of the statute, this petitioner faces the resulting prejudice from this omission and the consequence that his jury has convicted him of an essential element without having to <u>unanimously</u> and <u>specifically</u> make this determination.

The court charge was not specific or exact in instructing on the jury in its role and duty to return an unanimous and specific determination of this essential element. The court erred in instructing on the CCE as followed:

> To find Mr. Broomfield guilty of that charge,
> each juror must agree with each other jurors
> on which three or more felony narcotics
> violations comprised the continuing series
> of violations....

<u>See</u> Jury Charge at 23, Exhibit 3.

The prejudice is apparent. No where in the charge does the court instruct that this determination must be specific and or

12

unanimous. Instead it simply told the jurors that each juror must agree with each other jurors. Certainly, each juror can agree with his other jurors, and the verdict be 8 to 4, or 10 to 2, or even 11 to 1. The key being that the jurors would be agreeing with the other, but not unanimously unless specifically told that this determination must be unanimous.

The test for evaluating the prejudice component is whether there is a reasonable probability that counsel's error affected the outcome of the trial.

The jury could have reached any number of determinations such as 8 to 4 and still agree with each other, but the verdict would not have to be unanimous unless told otherwise. It is clear that trial counsel's conduct had a negative impact on the results of the trial. Without requesting the proper interrogatory there is no way to differentiate which three predicate acts the jury <u>unanimously</u> and <u>specifically</u> agreed on concerning the violations that made up the continuing series. The consequence that matters is simple, and the law is clear. "A jury in a federal criminal case cannot convict unless it unanimously find that the government has proved each element." <u>Johnson v. Louisiana</u>, 406 U.S. 356, 369, 371, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972).

In <u>Richardson v. United States</u>, 526 U.S. 813 (1999), the Supreme Court held "a jury in a §848 case must unanimously agree, not only that the defendant committed some, 'continuing series of violations,' but also about which specific 'violations' make up that continuing series.'"

Because of trial counsel's omission there is no proof that the jury agreed unanimously petitioner was guilty of each of the

13

specific violations that together constituted the continuing criminal enterprise.

Therefore, petitioner argues that not only did the district court error in failing to properly instruct, but counsel's performance was woefully deficient in failing to protect his due process and Sixth Amendment rights, by failing to request an unanimous and specific determination of this essential element.

Even if counsel was not ineffective for failing to recognize these principals of law and objecting to the jury instructions, the court had a duty to instruct the jury in a way that would enable the jury to find the specific and unanimous violations that made up the continuing series.

## ISSUE NUMBER FOUR

C. Counsel was constitutionally deficient in failing to propose that the court instruct the jury that the particular agreed upon violation making up the "continuing series" must provide the basis for satisfying section 848 remaining elements.

Counsel was woefully deficient in failing to request that the trial court should have instructed the jury that it had to unanimously agree on which underlying violations in the indictment constituted the "three related" violations necessary to establish a "continuing series" and that the particular agreed upon violations making up the continuing series must provide the basis for satisfying section 848's remaining elements, namely that the court instruct the jury "that they must decide unanimously that the defendant along with the other elements of the statute did derive substantial income or resources, with respect to the series." See __Richardson__, 119 S.Ct. at 1713, noting that section 848's other elements "must

14

be satisfied with respect to the series, by agreeing unanimously;" see also (Kennedy, J. dissenting) arguing that the necessary consequence of the court's ruling in Richardson is that the three specific violations must themselves be the ones, in the word of the statute from which the accused obtains substantial income or resources.

## CONCLUSION

Trial counsel's failure to request that the trial court instruct and clarify to the jury that they must decide unanimously that this petitioner derived substantial income or resources from the three violations which constituted the series was deficient. For example, it would not be proper for some six jurors agreeing with each other on some "three violations" in which the petitioner may have derived substantial income and another six jurors agreeing on some other "three violations" which they believed the petitioner may have derived substantial income. Counsel's error here in not recognizing the trial court's error in not being specific and not requesting an unanimous decision by all twelve jurors in relation to each element of the charge was not harmless. The instructions affected petitioner's substantial rights under the Fifth and Sixth Amendment by permitting the jury to return a nonunanimous verdict on this essential element of the offense. Leaving a grave doubt about how any rational jurur could return a specific and unanimous verdict while not being specifically told to do so. Accordingly, count twelve most be reversed.

WHEREFORE, the trial court should reopen its November 4, 2004 judgment for improperly failing to rule on the merits of two of petitioner's habeas claims because the judgment was rendered in a manner inconsistent with due process of law and/or extraordinary

15

circumstances exist justifying relief from the operation of the judgment.

Dated: July 8th 2014

Respectfully submitted,

By: *Howard Broomfield*
Howard Broomfield
Reg. No. 03205-112
FCC Medium 1
P.O. Box 3725
Adelanto, CA 92301

16