UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD BROOMFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 2:18-cv-08434-CBM; :95-cr-00165-CBM-1 (Criminal Case No.)<br><br>**ORDER RE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 USC 2255** |

Howard Broomfield filed a "second-in-time" petition under 25 U.S.C. § 2255. The United States opposes.

### I. BACKGROUND

Howard Broomfield convicted by a jury of twelve counts of narcotic-related charges in 1996. The Court sentenced Broomfield to life in prison. The conviction and sentence were affirmed. *United States v. Broomfield,* 161 F.3d 15.

On January 18, 2000, Broomfield filed a motion under Section 2255 to vacate, set aside, or correct his sentence. (*See* Case No. 95-165, Dkt. No. 632), *see also United States v. Broomfield,* 172 F. App'x 743, 2006 WL 529649, at *1 (9th Cir. 2006). The Court granted his motion on one ground, which was that his counsel's failure to object to a jury instruction was prejudicial. *Id.* The Ninth Circuit then reversed the Court and denied the motion. *Id.*

1

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct his sentence if he claims the right to be released upon the ground that the sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

## III. DISCUSSION

The Court finds that Broomfield's motion is his second petition under § 2255. Indeed, Broomfield admits this by entitling his motion as his "second-in-time" petition. The statute requires that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 25 U.S.C. § 2255(h); *see also* Ninth Cir. R. Fed. App. P. 22-3. Section 2244 requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 25 U.S.C. § 2244(b)(3); *see also* Ninth Cir. R. Fed. App. P. 22-3. If the second petition is filed directly in the district court without the Ninth Circuit's permission, then the district court lacks jurisdiction to consider the merits of the petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001); *United States v. Allen*, 157 F.3d 661, 664 (9th Cir.1998). Here, Broomfield provides no evidence that he has obtained authorization to file a second petition in this Court. Thus, the Court finds that it lacks jurisdiction to consider the petition.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

The motion is **DENIED** and the petition is dismissed without prejudice as to Broomfield refiling an application for a certificate from the Ninth Circuit.

**IT IS SO ORDERED.**

DATED: October 8, 2019

*/s/ Consuelo B. Marshall*
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE